# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DODGE CITY HEALTHCARE GROUP, LP,

    Plaintiff,

v.

KHALID A. CHAUDHRY, M.D.,

    Defendant.

Case No. 2:09-CV-00091-KJD-LRL

**ORDER**

Currently before the Court is Plaintiff Dodge City Healthcare Group LP's ("Dodge City") Motion for Hearing to Determine Whether Money is Exempt from Execution (#30). Defendant Dr. Khalid A. Chaudhry ("Chaudhry" or "Dr. Chaudhry") filed a Response in Opposition (#31), to which Plaintiff filed a Reply (#32).

**I. Background**

On July 20, 2009, the Court entered an Order of Final Judgment (#11) in the amount of $407,151.68 against Dr. Chaudhry and in favor of Dodge City Healthcare. Plaintiff now avers that since that time, Dr. Chaudhry has failed to voluntarily pay any amount towards said judgment. Dodge City avers that it filed a Writ of Execution upon the Heart Center of Nevada that was returned executed (#27) on December 30, 2009.[1] Additionally, Dodge City avers that it filed a Writ of Garnishment in aid of execution pursuant to NRS 31.240 on February 5, 2010. On February 11,

---

[1] Plaintiff's initial Motions for Writ of Execution (## 12, 14, 16, 18) filed November 18, 2009, were rejected by the Court because they were not filed upon the proper "Writ fo Execution" form from the District Court's website. On November 19, 2009, the Court advised counsel for Plaintiff to download said form and refile the writs using the "Notice of Corrected Image" link on the CM/ECF System. (See #20). Counsel for Plaintiff filed the writs again on November 23, 2009 (see #21), however, the forms were not fully completed, as noted in the utility function of the CM/ECF system on November 30, 2009. Counsel for Plaintiff filed Notices of Corrected Image on December 1 and 2, 2009, and the Writ of Execution (#24) was issued on December 4, 2009.

2010, Dr. Chaudhry filed an Affidavit of Claim of Exemption (#29), claiming an exemption in the wages paid to him by the Heart Center of Nevada pursuant to NRS 21.090(1)(g) and 21.090(1)(z).

Here, Dodge City seeks that the Court issue an order striking Dr. Chaudhry's Affidavit as untimely, declare that the money in question is subject to execution because Dr. Chaudhry waived any exemptions by failing to file a timely Affidavit, and declare that the subject writ of garnishment is valid and enforceable.

Specifically, Dodge City avers that the U.S. Marshal personally served the writ of execution upon agents of the Heart Center of Nevada on December 28, 2009.  Additionally, Plaintiff attaches an Affidavit of Elizabeth Norman in the U.S. Attorney's office, demonstrating that counsel for Plaintiff provided the office with "everything . . . require[d] to serve the writ, including extra copies of both the writ itself and the notice of execution and envelopes addressed to the judgment debtor's attorney."  (#32 Ex. 4.)   Subsequently, the Heart Center of Nevada answered Plaintiff's interrogatories, confirming that Dr. Chaudhry earns $25,000 per month.

Additionally, though Plaintiff does not oppose Chaudry's claim to exemption pursuant to NRS 21.090(1)(g), it opposes his claim to exemption made pursuant to NRS 21.090(z).[2] Specifically, Dodge City avers that the total value of the exemption under  NRS 21.090(z) is $1,000 and can only be claimed once, as opposed to every payday—which Dodge City avers Dr. Chaudhry is attempting to assert.

Dr. Chaudhry, in opposition, avers that his Affidavit of Exemption was timely filed because he did not receive notice of the writ of garnishment until February 4, 2010. (#31 at 1.)  Specifically, Defendant avers that "[t]he U.S. Marshal apparently, never mailed the notice required by NRS 21.075 to Chaudhry or Chaudrhy's counsel as required by NRS 21.076."  That is insufficient to meet Defendant's burden of introducing direct evidence to dispute the presumptions that official duty was

---

[2] NRS 21.090(1)(g) exempts from execution 75% of a debtor's disposable earnings.  Dodge City admits however, that it is "not attempting to garnish more than 25% of Dr. Chaudhry's wages anyway." (#30 at 3.)

1 regularly performed (the mailing of the notification letter by the Marshal) and that the notification
2 letter duly directed and mailed was received in the regular course of the mail.  NRS 47.250(9)(13).
3 **II. Analysis**
4     Pursuant to NRS 21.112, any exemptions from an execution of judgment must be claimed by
5 a judgment debtor within eight (8) days of service of a writ of execution.  Here, Plaintiff has
6 demonstrated that the Writ of Execution was sent to Defendant's counsel on or about December 28,
7 2009.  Accordingly, the original due date for Defendant to file for an exemption pursuant to NRS
8 21.112 was January 5, 2010.  As stated above however, Dr. Chaudrhy did not file his Affidavit of
9 Exemption until February 11, 2010.
10     Pursuant to NRS 21.075 and 21.112(1) the failure to timely file an exemption operates as a
11 waiver of exemption rights.  Accordingly, because Defendant failed to file his Affidavit of
12 Exemption within the time period allotted under NRS 21.075 and 21.112(1), the Court finds that
13 Plaintiff waived his right to said exemption.
14     Additionally, as stated above, Plaintiff also seeks that the Court declare "that the total value
15 of the wildcard exemption [pursuant to NRS  21.090(1)(z)] for Dr. Chaudry cannot exceed $1,000
16 in this case." (#32 at 5.)  Due to Plaintiff's failure to file a timely Affidavit of Exemption, the Court
17 finds that such a declaration is unnecessary.  However, even if Defendant's Affidavit of Exemption
18 had been timely filed, NRS 21.090(1)(z) does not provide for an ongoing exemption of $1,000.00 per
19 execution or garnishment in addition to the 75% of earnings already exempt pursuant to NRS
20 21.090(1)(g).  In the vast majority of cases, an additional exemption of $1000.00  for earnings would
21 ///
22 ///
23 ///
24
25
26

render garnishment of earnings a meaningless remedy for judgment creditors.  Also, were it the intent of the legislature to grant an additional exemption of $1,000 for earnings, it would have logically included the provision in subsection (g).

**IT IS SO ORDERED**.

DATED this 9th day of June 2010.

_____
Kent J. Dawson
United States District Judge